Reginald D. Young

3870 La Sierra Avenue #1128

Riverside, California [92505] USA Republic

Phone: (916)723-2251

Email: Ryounghenderson@icloud.com



FILED
CLERK, U.S. DISTRICT COURT

SEP 22 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

**FEE PAID**



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EDCV25-02495-WLH-PD

| | |
|---|---|
| REGINALD D. YOUNG<br><br>      Plaintiff,<br><br>vs.<br><br>County of Riverside; Riverside County Department of Public Social Services; Riverside County Sheriff's Department; Moreno Valley Police Department; Menifee Police Department; Matthew Bloch Bloch;Perris Police Department; Hemet Police Department; Sacramento County Sheriff Department; Sacramento District Attorneys Office; Wilton Rancheria; Wilton Rancheria ICWA; Chad Bianco, Sheriff of Riverside County; Robert Miller,; Sergeant Matthew Bloch; Jesus Tarango, Chairman of Wilton Rancheria; Cheryl Douglas, Director of Wilton Rancheria ICWA; Lisa Lee; Richard England; Stephanie Fernandez; Lauren Jenkins; Adolph Angulo; Coleman Goff; Ed Jensen, Riverside County Counsel; Riverside District Attorney Office; Kevin | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br>**(42 U.S.C. §§ 1983, 1985, 1986, 1988;**<br>**Americans with Disabilities Act, Title II;**<br>**U.S.C §§ 1962, 18 U.S.C §§ 1591)**<br><br>**JURY TRIAL DEMANDED**<br>**Plaintiff Reginald D. Young ("Plaintiff"),**<br>**acting pro se, alleges as follows against**<br>**Defendants, and each of them:** |

Beecham, Nickolas John Kleibert, Michael A.
Hestrin, Michael Sabbah, Jessica Lynn Roundy,
Courtney M. Breaux ;Deputy District Attorney.
Melissa Hale, Judge of the Superior
Court; Brian McCarville, Judge of the Superior
Court; Brian E. Hill,  Judge of the Superior
Court; Jacqueline Jackson, Judge of the
Superior Court; Gary Polk, Judge of the
Superior Court; Mark A. Mandio, Judge of the
Superior Court; Sean Crandell, Judge of the
Superior Court; Catherine Rupp, Judge of the
Superior Court ;Joshua Knight, Judge of the
Superior Court; Marina Dini, Judge of the
Superior Court; David Gunn, Retired/Inactive
Judge of the Superior Court; Helios J.
Hernandez, Retired/Inactive Judge of the
Superior Court;  C. Crowley;  Vandewitte;
Jackie Andrews. S. Matthews.
Kasey A. Castillo; Google, LLC, All Pro Bail
Bonds, Inc ; Deputy Does 1-20; Clerk Does 1-5;
and Does 1-20, inclusive,

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including the First,
Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and 42
U.S.C. §§ 1983, 1985, 1986, and Title II of the Americans with Disabilities Act ("ADA"), 42
U.S.C. § 12132.
This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331
(federal question) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights).

Plaintiff challenges the jurisdiction and authority of the Defendants, asserting that they are operating not as lawful constitutional government entities, but as for-profit corporate entities. Plaintiff alleges that Title 27 of the United States Code, which governs intoxicating liquors, reveals the commercial and non-governmental nature of these entities, and that their actions taken against Plaintiff are therefore void ab initio for lack of lawful authority.

Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims occurred within Riverside County, California, which is located in this judicial district.

## II. PARTIES

**Plaintiff** Reginald D. Young is, a flesh and blood living soul, and at all times relevant was and is, a Homeowner in Riverside County, California. Plaintiff is a father of Five minor children including one Stepson. Plaintiff alleges that he is improperly identified in state court documents with the misnomer "REGINALD DEMONE YOUNG, JR" and other variations in all-capital letters, which he alleges represents a fraudulent corporate fiction. Plaintiff Declares he is NOT a "U.S. Citizen" Plaintiff Identifies and Proclaims he is a Moor (Moroccan) See: In Re Merrian's Estate ,36 N.Y. 479, Affirmed In U.S. v. Perkins 163 U.S. 625; Case Law; U.S. Case 191 1848 Ruled by Judge Theo H. McCaleb June 6, 1848, as well being a descendant of the Ancient Mound Builders; Muscogee Creek:Wind Clan; Reference; The **Unanimous** Ruling issued by the Muscogee Creek Nation Supreme Court: *Muscogee (Creek) Nation v Rhonda G and Jeffrey K. Ruled on July 23, (2025). Plaintiff alleges he has been subjected to racial and national origin discrimination.

**Defendant** County of Riverside (the "County") is a municipal entity organized under the laws of the State of California. The County is responsible for the policies, practices, customs, and supervision of the Riverside County Sheriff's Department, the Riverside County Department of Public Social Services (DPSS), and the Riverside County District Attorney's Office.

**Defendant** Riverside County Sheriff's Department is the law enforcement agency for the County of Riverside, responsible for the training, supervision, and conduct of its deputies.

**Defendant** Riverside County Department of Public Social Services (DPSS) is a county agency responsible for child welfare services.

**Defendants** Moreno Valley Police Department, Menifee Police Department, Perris Police Department, and Hemet Police Department are municipal law enforcement agencies operating within Riverside County, whose officers acted in concert with and under color of state law. **Defendant** Google, LLC breach of privacy, releasing private information, without probable cause and or due process of the law. . (Exhibit 1)

*"Ignorance of the Law is no Excuse."*

**Defendant** Wilton Rancheria and Wilton Rancheria ICWA are entities and individuals involved in the dependency proceedings concerning Plaintiff's children.

**Defendant** Chad Bianco is, and at all relevant times was, the Sheriff of Riverside County, responsible for the management, supervision, and policies of the Sheriff's Department.Chad Bianco has been issued notices regarding misconduct and complaints that result in being unfounded, which clearly indicates corruption and misconduct within the Riverside Sheriff Department. Defendant Chad Bianco has also received notices and affidavits that have gone unanswered. Neglecting his oath to "Protect and Serve" and obey the constitution he swore upon. . failing to intervene and prevent minor children being unlawfully kidnapped and trafficked by his department. He is sued in his individual and official capacities.

**Defendants** Menifee Police Department actin under the color of law invading privacy, colluding to fabricate crimes against plaintiff being granted unlawful gag orders to keep me unaware of the illegal activity, Moreno Valley Police Department, Hemet Police Department, Perris Police Department actin under the color of law, conspiring to deprive plaintiff of constitutional rights using excessive force, violating the ADA under title II with multiple unmarked vehicles holding plaintiff at gun point to execute a fictitious no bail.

 Child custody warrant, hold me up to serve a Retraining order rooted in fraud an attempt to cover up criminal activity and misconduct from Sacramento County (Dir ICWA. Cheryl Douglas) from one of the same Sheriffs who violated my rights and initially aided in  kidnapping plaintiffs minor children on the day of 12/18/24 with a unlawful warrant issued by judge Catherine Rupp, and others, which resulted  in excessive bail of $10,000 causing Injury both physically and financially are being sued in their public capacities.

**Defendant** Deputy Robert Miller, #4523, was at all relevant times a sworn deputy of the Riverside County Sheriff's Department, acting under color of law. He is sued in his individual and official capacities.

**Defendant** Sergeant Matthew Bloch was at all relevant times a sworn officer of the Menifee Police Department, acting under color of state law, both on and off duty. He is sued in his individual and official capacities.

**Defendants** Jesus Turango, Cheryl Douglas, Lisa Lee, and Richard England are individuals associated with Wilton Rancheria and its ICWA division who allegedly participated in the unlawful removal and detention of Plaintiff's children. They are sued in their individual and official capacities.

**Defendants** Stephanie Fernandez, Lauren Jenkins, Adolph Angulo, and Coleman Goff are employees of Riverside County DPSS who allegedly participated in the unlawful removal of Plaintiff's children. They are sued in their individual and official capacities.

**Defendants** Ed Jensen, Jackie Andre, S. Crowley, S. Matthews, and Vandewitte and others are attorneys with Riverside County Counsel who allegedly participated in the malicious prosecution and unlawful detention of Plaintiff's children misrepresenting minors conspiracy to have plaintiff and plaintiffs wife unlawfully detained and held at gun point siding in kidnapping and trafficking, defamation of character. . They are sued in their individual and official capacities.

**Defendant** Kevin Beecham, Nickolas John Kleibert, Michael A. Hestrin, Michael Sabbah, Courtney M. Breaux, Jessica Lynn Roundy, is, and at all relevant times was, a Deputy District Attorney for the County of Riverside who engaged in prosecutorial misconduct as described herein. He is sued in his individual and official capacities. Violation(s) of penal code 1054.1. In violation(s) of Rule 3.8 of the California State Bar of rules and professions conduct.

**Defendant** Melissa Hale is a judge of the Riverside County Superior Court who engaged in malicious and unconstitutional conduct as described herein. She is sued in her individual and official capacities.

**Defendant** Brian McCarville a retired and inactive judge of the Riverside County Superior Court who engaged in malicious and unconstitutional conduct as described herein. He is sued in his individual and official capacities.

**Defendant** Brian E. Hill is a retired and inactive judge of the Riverside County Superior Court who acted without jurisdiction in violation of Plaintiff's rights. He is sued in his individual capacity and official capacities.

**Defendant** Jacqueline Jackson is a judge of the Riverside County Superior Court who engaged in malicious and unconstitutional conduct as described herein. She is sued in her individual and official capacities.

**Defendant** Gary Polk is a judge of the Riverside County Superior Court who engaged in malicious and unconstitutional conduct as described herein. He is sued in his individual and official capacities.

**Defendant** Joshua Knight is a judge of the Riverside County Superior Court who engaged in malicious and unconstitutional conduct as described herein. He is sued in his individual and official capacities.violations of due process.

**Defendant** David Gunn is a retired and inactive judge of the Riverside County Superior Court who acted without jurisdiction in violation of Plaintiff's rights. He is sued in his individual capacity and official Capacities .

**Defendant** Helios J. Hernandez is a retired and inactive judge of the Riverside County Superior Court who acted without jurisdiction in violation of Plaintiff's rights. He is sued in his individual capacity and official capacities.

**Defendant** Mark A. Mandio acted without jurisdiction in violation of Plaintiffs rights. He is sued in his individual and official capacities.

**Defendant** Catherine Rupp acted without jurisdiction, conspiring to remove minor children from owners without due process issuing a fraudulent unlawful warrant that has left minor children traumatize and injured now in the safety and care of family members. She acted without jurisdiction in violation of plaintiffs rights. She is sued in her individual and official capacities.

**Defendant** Sean Crandell acted without jurisdiction in order to secure unlawful justification to traffick minor children, excessively violating due process and ADA rights as well as well as constitutional rights. Done I believe in retaliation for my beliefs and recognition as a moor.He is sued in his individual and official capacity.

**Defendants** Marina Dini is a superior court Judge who acted without jurisdiction and made rulings without due process. Case no.CVSW2500327 Is an attempt to cover up kidnapping and an attempt of murder by Menifee police Sgt. Matthew Bloch who maliciously and violently

retaliated against defendant aiding county DPSS ,Wilton Rancheria ICWA along with county counsel Ed Jensen that was motivated by a history of harrasment(gangstalking), mail fraud by Bloch and Menifee police department.

**Defendant** Kasey A. Castillo acting under the color of law in fraud possibly without any lawful license to practice law has conspired to cover up criminal activity conducted by Menifee police Sgt. Matthew Bloch. Along with denationalizing, racial profiling, harrasment, Mail fraud, and excessive violations of civil rights attempting to defraud the justice system. She/He is being sued in there individual capacity and official Capacities. Falsifying statements and documents, participating in conspiracy to cover up Matthew Blochs criminal activity, as well as defematation of plaintiffs character, racially Profiling and discrimination.

**Defendants** Deputy Does 1-20 are as-yet-unidentified sworn officers of the defendant law enforcement agencies who participated in the events described herein.

**Defendants** Clerk Does 1-5 are as-yet-unidentified employees of the Riverside County Superior Court who allegedly refused to file Plaintiff's legal documents, thereby denying him access to the courts.

**Defendants** All Pro Bail, Bondsman colluded with Riverside County clerks to deprive me of my freedom, fraud, and attempt to steal property by placing unlawful lien ;$200,000 exonerated. Engaging in malicious behavior in conspiracy joined with Riverside County District Attorneys Office.

**Defendants** Does 1-20 are other unknown individuals or entities who participated in or authorized the misconduct, fraud, and unconstitutional acts described herein. Plaintiff will seek to amend this complaint to add their true names and capacities when they are ascertained.

At all times mentioned, each Defendant was the agent, servant, employee, and/or co-conspirator of each of the other Defendants and was acting within the course and scope of said agency, employment, and/or conspiracy.

## IV. PRELIMINARY STATEMENT ON JURISDICTION AND THE INAPPLICABILITY OF JUDICIAL AND PROSECUTORIAL IMMUNITY.

This complaint alleges a profound and systemic breakdown of the rule of law, perpetrated by state actors who have abandoned their constitutional oaths in favor of a coordinated campaign of harassment, retaliation, and malicious prosecution against Plaintiff and his family. The

Defendant Judges and Prosecutors are not entitled to the shield of absolute immunity because their actions were not judicial or prosecutorial in nature, but rather constituted administrative, investigative, and conspiratorial acts undertaken in the clear absence of lawful jurisdiction and in furtherance of a fraud upon the court.

Judicial Immunity Is Inapplicable. Absolute judicial immunity does not apply to acts taken in the "clear absence of all jurisdictions." Stump v. Sparkman, 435 U.S. 349, 357 (1978). Plaintiff alleges that the Superior Court of California, County of Riverside, as operated by the Defendant Judges, functioned as a fraudulent commercial enterprise devoid of lawful, constitutional authority.

Specifically, Defendants Brian E. Hill, David Gunn, and Helios J. Hernandez, as retired and inactive judges, had no lawful authority to preside over any matter, issue any order, or take any judicial action. Their participation in these proceedings constitutes practicing law from the bench without a license and is an act taken in the "clear absence of all jurisdictions." Any order issued by them is void ab initio.

The active judicial defendants, including Melissa Hale, Brian McCarville, Jacqueline Jackson, Gary Polk, and Josh Knight, forfeited any claim to immunity by engaging in a pattern of non-judicial acts, including but not limited to: conspiring with the prosecution, administratively directing the unlawful incarceration of Plaintiff, intentionally violating federal disability laws, and knowingly presiding over a fraud upon the court. By engaging in a pattern of bias, retaliation, and denying fundamental due process rights, these Defendant Judges were not acting as judicial officers but as participants in an enterprise that lacked subject-matter jurisdiction over Plaintiff. An order issued by a court without subject-matter jurisdiction is void ab initio. Such non-judicial acts, taken by individuals merely cloaked in the trappings of judicial office, are not protected by immunity.

Prosecutorial Immunity Is Inapplicable. Similarly, Defendant prosecutors are stripped of absolute immunity because the wrongful conduct alleged herein was not "intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 486 (1991). The claims against Defendant Beecham and other County Counsel Defendants are based on their non-advocacy roles. This includes participating in the investigation before the initiation of any proceedings, conspiring with police and social workers to fabricate a basis for prosecution, manufacturing false evidence, and shopping for a compliant "expert" witness. When a prosecutor

performs "the investigative functions normally performed by a detective or police officer," he is entitled to only qualified, not absolute, immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The actions alleged here—conspiring to kidnap children, suborning perjury, and fabricating evidence—are the work of an investigator, not an advocate, and are therefore unprotected by absolute immunity.

Fraud Upon the Court Vitiates All Proceedings and Immunity. Overarching all other claims is the allegation that Defendants collectively perpetrated a fraud upon the court. Fraud upon the court exists where there is a "deliberate plan to corrupt the judicial process" by officers of the court, including judges and attorneys. Such a fraud is so egregious that it vitiates the entire proceeding, rendering every order and judgment void. The coordinated actions of the Defendants—knowingly presenting perjured testimony, relying on an "expert" who admitted his opinion was not factual, issuing warrants based on false information, and systematically denying Plaintiff the ability to present a defense—were not errors of law but were overt acts in a conspiracy to subvert justice. There can be no immunity, judicial or otherwise, for participating in a scheme to defraud the very institution of justice itself.

Violations of International Human Rights Law. The Defendants' actions not only violate the U.S. Constitution but also fundamental principles of international human rights law that protect the inherent dignity of all persons. The Universal Declaration of Human Rights (UDHR) affirms that "the family is the natural and fundamental group unit of society and is entitled to protection by society and the State" (Article 16(3)) and that no one shall be subjected to "arbitrary interference with his family" or "arbitrary arrest [or] detention" (Articles 12 & 9). Further, the International Covenant on Civil and Political Rights (ICCPR), a treaty ratified by the United States, guarantees the right to a fair hearing by a competent and impartial tribunal (Article 14) and the right to protection of the family (Article 23). While not always directly enforceable in U.S. courts, these instruments inform the scope of due process and underscore that the Defendants' conduct is universally condemned as a violation of fundamental human rights.

## V. FACTUAL ALLEGATIONS

**A. The Traffic Stop and Unlawful Seizure** of December 5, 2024, 37. On the morning of December 5, 2024, at approximately 7:50 A.M., Plaintiff was driving his two minor children to school in Riverside County; Moreno Valley, Ca with a destination to Garvey/Allen Stem

Academy. 38. Plaintiff was operating his wife's Chevrolet Silverado. He slowed as a traffic light at the intersection of Heacock Street and Alessandro Boulevard turned red after trying to get through yellow light breaking to late, continuing to lawfully clear the intersection trying to get his children to school before the breakfast bell.39. Defendant Deputy Robert Miller initiated a traffic stop, accusing Plaintiff of running a red light. 40. When Robert Miller #4523 approached the vehicle plaintiff doesn't recall Miller #4523 Stating a reason for pulling him over. requested a driver's license and registration, Plaintiff informed him that he did not possess a driver's license as it had been voluntarily surrendered on July 5, 2023. 41. Miller observed a Moroccan flag displayed on Plaintiff's vehicle and based on this, labeled Plaintiff a "sovereign citizen." 42. Miller then placed his hand on his firearm, backed away from Plaintiff's vehicle, and called for backup, escalating the routine traffic stop into a high-risk encounter. 43. Fearing for the safety of himself and his children, Plaintiff called 911 at approximately 7:58 A.M. to ensure there were additional witnesses. He placed his hands outside the driver's side window to show he posed no threat. He informed the dispatcher he was attempting to proceed one block to his children's school, a safe and well-lit location with independent witnesses.

**B. Use of Excessive Force** 44. Despite Plaintiff's visible compliance and lack of any threat, Defendant Miller unholstered his firearm and aimed it directly at Plaintiff's vehicle, which was occupied by his minor children. 45. Multiple backup deputies arrived on the scene. Some drew tasers, and at least one other deputy drew a firearm before re-holstering it. 46. Miller continued to point his weapon at Plaintiff and his children. 47. Deputies then forcibly opened the vehicle door, grabbed Plaintiff's arm (which was holding a phone to record the incident), and violently threw him to the ground. 48. Deputies handcuffed Plaintiff with excessive force, causing severe pain. As a result of the force used, Plaintiff sustained torn ligaments, chest tightness, and severe pain in his wrists, neck, and back. His cell phone was shattered. 49. Plaintiff's requests for medical attention at the scene were ignored by both the deputies and the paramedics who arrived.

**C. Warrantless Search and Seizure of Property** 50. While Plaintiff was handcuffed and secured in the back of a patrol vehicle and therefore posed no threat to officer safety or evidence, deputies conducted a warrantless search of his wife's Chevrolet Silverado. 51. Plaintiff expressly stated, "I do not consent to searches and seizures." 52. No warrant, probable cause, exigent circumstances, or valid inventory justification existed for the search, which was conducted in violation of the rule established in Arizona v. Gant, 556 U.S. 332 (2009). 53. During the illegal

search, deputies seized personal property, including Plaintiff's military ID and firearms lawfully owned by his wife, a retired U.S. Navy Chief Gunner's Mate.google, LLC along with Menifee police department have leaked personal allowing Menifee police to retaliate and violate constitutional rights and defraud the court into allowing them to grant orders to violate in order to fabricate and build a crime while maliciously prosecuting me. information without due process or probable cause of a crime.causing extreme stress and duress.

**D. Unlawful Detention and Inhumane Conditions of Confinement** 54. Following his arrest, Plaintiff was transported to the Robert Presley Detention Center. He was not properly informed of his Miranda rights. 55. At the detention center, Plaintiff was subjected to cruel and inhumane punishment. He was assaulted, threatened, and intimidated by deputies who forcibly took his fingerprints. 56. He was placed in a bloodstained, unsanitary holding cell ("drunk tank") for approximately ten hours without food, water, a shirt, or shoes.

**E. Conspiracy to Unlawfully Remove Plaintiff's Children and Fraud Upon the Court** 57. Following the December 5, 2024 arrest, Defendant Miller submitted a referral to Defendant Riverside County DPSS, initiating a dependency case (No. DPSW2400428). This referral was made without probable cause of child abuse or neglect. 58. On December 18, 2024, agents of Riverside County DPSS, accompanied by Riverside County Sheriff's deputies, came to Plaintiff's home and, without a lawful warrant, kidnapped his children. The children were denationalized, abused, forced to participate in religious activities contrary to their beliefs, and fed a diet that made them ill. 59. On or about January 18, 2025, Defendant Sgt. Matthew Bloch of the Menifee Police Department, acting as the lead officer, orchestrated a stop and conspired with DPSS to further harass Plaintiff. Bloch, who had been harassing Plaintiff for over a year regarding a traffic ticket, held Plaintiff and his wife at gunpoint at an Arco gas station, claiming to have a warrant for their arrest. 60. This incident was a pretext to facilitate the kidnapping of Plaintiff's children by DPSS and Wilton Rancheria ICWA. Plaintiff and his wife were arrested, and their children were abducted kidnapped and trafficked. Plaintiff was later released after it was confirmed the "warrant not in system," and or "Error" revealing it was a fraudulent pretext. Subsequently, in retaliation for Plaintiff's complaints about his conduct, Defendant Bloch obtained a restraining order against Plaintiff. 61. The children were unlawfully detained and trafficked through the foster care system under the supervision of Defendants from DPSS and Wilton Rancheria ICWA, including Cheryl Douglas, Lisa Lee, and Richard England, and others

with the assistance of County Counsel Ed Jensen. 62. The April 29, 2025, Dependency Hearing: On April 29, 2025, a contested jurisdiction hearing was held in the dependency case before a Defendant Judge. The hearing proceeded in a manner that constituted a fraud upon the court and a profound violation of Plaintiff's due process rights. 63. The court intentionally proceeded with the hearing despite Plaintiff's absence, denying him the fundamental right to be present, confront his accusers, and participate in a proceeding that would determine his parental rights. 64. The court's decision to remove the children was based almost entirely on the testimony of Defendant Richard England, a purported Indian Child Welfare Act (ICWA) expert. Under questioning, England admitted that he had never interviewed any of the children and that his conclusions were based entirely on his review of DPSS reports and communications with DPSS and tribal social workers—the very parties conspiring to remove the children. 65. England testified that his expert opinion—that continued custody with the parents would cause emotional or physical damage—was based on speculation. He dismissed the children's consistent statements denying any abuse by theorizing, without any factual basis, that they had been coerced by Plaintiff into recanting. He explicitly stated that his opinion "doesn't have to be factual" to form his conclusion that the children's recantations were false. 66. Defendant Ed Jensen, acting as County Counsel, knowingly presented this speculative, unfounded, and non-factual testimony as the basis for the County's case. Jensen argued that the court should disregard the direct statements of the children and instead adopt the initial, uncorroborated allegations, thereby perpetuating the fraud. 67. These actions by the presiding Judge, Ed Jensen, and Richard England were overt acts in furtherance of the conspiracy to unlawfully interfere with Plaintiff's family integrity and parental rights. By fabricating a legal justification for the children's removal based on an "expert" opinion that was admittedly not based on facts or direct observation, the Defendants engaged in a malicious abuse of the judicial process, consistent with the fraudulent commercial enterprise alleged under Title 27.

**F. Malicious Prosecution and Judicial Conspiracy** 68. The traffic stop of December 05, 2024, resulted in state criminal case No. FERI2500238. A subsequent fraudulent case, No. MIRI2505420, was initiated against Plaintiff. Throughout these proceedings, the Defendant Judges engaged in a coordinated series of unconstitutional acts in furtherance of the conspiracy against Plaintiff. 69. Defendant Judge Brian E. Hill (Retired/Inactive): Acting in the clear absence of all jurisdictions due to his retired and inactive status, Judge Hill presided over

Plaintiff's case. He engaged in the non-judicial act of exonerating initial bonds only to maliciously impose a new, excessive $100,000 bond. This unlawful act, by an individual with no judicial authority, directly caused Plaintiff to be arrested and hospitalized, constituting a profound deprivation of liberty. 70. Defendant Judge Melissa Hale: On May 22, 2025, Judge Hale engaged in non-judicial acts of retaliation by holding Plaintiff in contempt of court for stating "I'm scared" and "I fear for my life." Judge Hale knew these statements were manifestations of Plaintiff's disability yet deliberately misinterpreted them to punish him, thereby violating his rights under the ADA. In the same proceeding, she administratively coerced a "not guilty" plea on Plaintiff's behalf without his consent. Later, she issued a fraudulent $200,000 bond based on a Failure to Appear (FTA) warrant that she later admitted on August 1, 2025, was issued without due process and confirmed the plaintiff was present being arrested in department 32 after checking in without due process or prior notice to change. These actions demonstrate a clear abandonment of the judicial role in favor of acting as a biased adversary. 71.Defendant Judge Jacqueline Jackson: On July 15, 2025, Judge Jackson committed the non-judicial act of vacating the bench and then, from off the bench, ordering Plaintiff remanded into custody on the fraudulent $200,000 bond issued by Judge Melissa Hale. This administrative directive to incarcerate was an act of enforcement, not adjudication. She then imposed an additional $200,000 bond without legal basis, all while maliciously ignoring Plaintiff's rights and accommodations under Title II of the ADA. 72. Defendant Judge Brian McCarville: During the preliminary hearing on July 16, 2025, Judge McCarville systematically denied Plaintiff due process and equal access to the court. Despite being aware of Plaintiff's disability-related distress and requests for accommodation, he forced the hearing to proceed, preventing Plaintiff from meaningfully participating in his own defense. His actions were not judicial errors but a deliberate denial of fundamental rights. 73. Defendant Judge Gary Polk: Judge Polk demonstrated bias and participated in the conspiracy through his inaction. After presiding over the case, he took no action for months, allowing the constitutional violations to continue unabated, before recusing himself in July 2025. This deliberate delay was a non-judicial act intended to frustrate Plaintiff's access to justice and was a violation of his ADA rights. 74. Defendant Judge Josh Knight: As part of the conspiracy to conceal the ongoing fraud, Judge Knight wrongfully denied Plaintiff's meritorious petition for a writ of habeas corpus. This was not a legitimate judicial determination but a deliberate act to protect his co-conspirators in

law enforcement, the prosecution, and the judiciary from accountability for their malicious and fraudulent actions. 75. Defendant Judges David Gunn (Retired/Inactive) and Helios J. Hernandez (Retired/Inactive): Like Judge Brian E. Hill, these individuals acted in the clear absence of all jurisdictions by presiding over Plaintiff's case despite being retired and inactive. Any action they took constituted practicing law from the bench without a license and is void. Their participation, including displays of bias and violations of Plaintiff's ADA rights, furthered the conspiracy and the fraud upon the court. 76. Bail and Warrant Fraud: The Defendant Judges collectively manipulated Plaintiff's bail arbitrarily and maliciously. Bail was set, exonerated, and then re-imposed at punitive and excessive levels ($100,000 and $200,000) based on fraudulent FTAs and in retaliation for Plaintiff asserting his rights. These actions resulted in fraudulent liens being placed on Plaintiff's property. 77. Prosecutorial Misconduct: Defendant prosecutor Kevin Beecham knowingly presented the perjured testimony of Defendant Deputy Robert Miller during the preliminary hearing, a deliberate act to mislead the court and secure a holding order against Plaintiff. 78. Denial of Access to Courts: On or about July 2, 2025, Defendant Clerk Does at the Riverside Superior Court refused to accept and docket Plaintiff's affidavits and evidence, obstructing his right to petition the government and present a defense. 18 U.S. Code 241, 242, and 159.

**G. Denial of Rights under the Americans with Disabilities Act (ADA)** 79. Plaintiff suffers from disabilities, including PTSD, which affect his ability to communicate and navigate stressful situations like court proceedings. 80. Plaintiff filed formal requests for ADA accommodations under Title II, including the presence of an advocate and CART reporting services. 81. On numerous occasions, including on April 11, 2025, and July 15, 2025, Plaintiff's requests for ADA accommodations were maliciously ignored, denied, or misrepresented by court officials and the Defendant Judges, including Melissa Hale, Brian E. Hill, Brian McCarville, Jaqueline Jackson, Gary Polk, and Helios J. Hernandez.82. On or around  May 22, 2025, Judge Melissa Hale held Plaintiff in contempt of court for stating "I'm scared" and "I fear for my life," which Plaintiff asserts were manifestations of his disability. The Defendant Judges consistently denied reasonable accommodations under the ADA, thereby denying Plaintiff meaningful access to the judicial process.

**H. Internal Affairs Findings** 83. On July 20, 2025, Plaintiff's wife filed an Internal Affairs complaint against Defendant Miller. 84. The Internal Affairs letter illustrates discrepancies

between Miller's police report and the available audio/video evidence, confirming that Miller had fabricated statements attributing "sovereign citizen" ideology to Plaintiff and had provided incomplete Miranda warnings.

**I. Racial Discrimination- Unruh Civil Rights Act.**(California Civil Code Sec. 51) California Govt.Code 8315(2024). Universal Declaration of Human Rights (UDHR) Article 1, Article 7, Article 15, Article 16. 42 U.S. code 1981.

Case Law; Heart of Atlanta Motel, Inc B. United States (1964). Retaliationand misconduct resulting from plaintiffs freedom of speech while being under stress duress and fear of being maliciously prosecuted and having rights violated most importantly seeing his children suffer and be made apart of such corrupt fraudulent conduct being operated and carried out within local law enforcement agencies/ District attorneys/ Judges within Riverside County. The sheriffs think they "cowboys" living in the "Wild Wild West" doin everything but upholding the law and obeying their oath instead operate illegal conduction fraud involved in many crimes, still Conspiring to create crime(s) not eradicate them which should be the mission. To serve and protect. Instead, he, his wife and his minors have been kidnapped, trafficked denationalized, labeled BLACK in which plaintiff does NOT consent to.

**VI. CLAIMS FOR RELIEF**

**COUNT I** Violation of the Fourth Amendment – Unlawful Search and Seizure (42 U.S.C. § 1983 – Against Defendant Miller and Deputy Does) 85. Plaintiff realleges and incorporates by reference the preceding paragraphs. 86. The Fourth Amendment protects individuals from unreasonable searches and seizures. The warrantless search of the vehicle Plaintiff was driving was conducted after he was handcuffed, secured in a patrol car, and posed no threat, which is presumptively unreasonable. Katz v. United States, 389 U.S. 347, 357 (1967). 87. The search was not justified by probable cause, exigent circumstances, or as a valid search incident to arrest under Arizona v. Gant, 556 U.S. 332 (2009). Defendant Miller and Deputy Does, acting under color of law, conducted this unreasonable search and seizure, thereby violating Plaintiff's clearly established constitutional rights.

**COUNT II** Violation of the Fourth and Fourteenth Amendments – Excessive Force (42 U.S.C. § 1983 – Against Defendants Miller, Bloch, Perris PD Officers, and Deputy Does) 88. Plaintiff realleges and incorporates by reference the preceding paragraphs. 89. The Fourth and Fourteenth

Amendments prohibit the use of excessive force by law enforcement officers under the "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989). 90. The acts of Defendants Miller, Bloch, and other officers in pointing firearms at Plaintiff and his children during routine encounters, and the violent force used during his arrest, were objectively unreasonable and constituted excessive force in violation of his clearly established constitutional rights.

**COUNT III** Violation of the Fifth and Fourteenth Amendments – Deprivation of Due Process and Malicious Prosecution (42 U.S.C. § 1983 – Against All Individual Defendants, Excluding Judicial Defendants Named in Count IV) 91. Plaintiff realleges and incorporates by reference the preceding paragraphs. 92. The Fifth and Fourteenth Amendments guarantee due process of law. Defendants violated Plaintiff's due process rights by engaging in a malicious prosecution and knowingly using fabricated evidence against him. Lacey v. Maricopa Cty., 693 F.3d 896, 919 (9th Cir. 2012). 93. Defendants violated Plaintiff's due process rights by initiating and continuing criminal and dependency proceedings without probable cause and with malice, by deliberately fabricating evidence in violation of Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001), and by systematically denying Plaintiff a fair trial.

**COUNT IV** Deprivation of Due Process, Conspiracy, and Denial of Access to Courts by Judicial Defendants (42 U.S.C. §§ 1983, 1985 – Against Defendants Hale, McCarville, Hill, Jackson, Polk, Knight, Gunn, and Hernandez) 94. Plaintiff realleges and incorporates by reference the preceding paragraphs. 95. Defendants Hale, McCarville, Hill, Jackson, Polk, Knight, Gunn, and Hernandez, acting under color of law, conspired among themselves and with other Defendants to deprive Plaintiff of his constitutional rights to due process, a fair trial, reasonable bail, and access to the courts. 96. These Defendants forfeited any claim to judicial immunity by acting in the clear absence of all jurisdictions (Hill, Gunn, Hernandez) and by engaging in a series of non-judicial, administrative, and conspiratorial acts designed to punish, retaliate against, and harm Plaintiff. These acts include, but are not limited to, practicing law from the bench while inactive, maliciously setting excessive bail, coercing pleas, administratively ordering Plaintiff's incarceration off the bench, and deliberately denying federal disability accommodations. 97. Their collective actions constituted a fraud upon the court, which vitiated the lawfulness of the entire proceeding and their authority to act. As a direct and proximate result of their

unconstitutional and non-judicial conduct, Plaintiff suffered unlawful incarceration, emotional

distress, and a denial of his fundamental rights.

**COUNT V** Violation of the First and Fourteenth Amendments – Denial of Access to Courts (42

U.S.C. § 1983 – Against Defendant Clerk Does) 98. Plaintiff realleges and incorporates by

reference the preceding paragraphs. 99. The First Amendment protects the right of access to the

courts. Lewis v. Casey, 518 U.S. 343, 356 (1996). 100. Defendant Clerk Does deliberately

obstructed Plaintiff's access to the court by refusing to file his legal documents, thereby causing

actual injury to his litigation efforts in violation of his clearly established constitutional rights.

**COUNT VI** Municipal Liability for Unconstitutional Customs, Policies, and Practices

(Monell Claim) (42 U.S.C. § 1983 – Against Defendant County of Riverside) 101. Plaintiff

realleges and incorporates by reference the preceding paragraphs. 102. Defendant County of

Riverside is liable for the violations of Plaintiff's rights because those violations were caused by

its long-standing and widespread policies, customs, and practices, maintained with deliberate

indifference to constitutional rights. Monell v. Dep't of Soc. Servs. of City of New York, 436

U.S. 658, 690-91 (1978). 103. The County's policies include failing to adequately train and

supervise its deputies, prosecutors, and court personnel regarding constitutional and ADA

requirements, and failing to discipline misconduct, thereby creating a culture of impunity. City of

Canton v. Harris, 489 U.S. 378, 388 (1989).

**COUNT VII** Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3) – Against All

Individual Defendants) 104. Plaintiff realleges and incorporates by reference the preceding

paragraphs. 105. All individual Defendants formed an agreement and acted in concert to achieve

an unlawful objective: to punish and retaliate against Plaintiff based on his race, his national

origin identity, and/or his perceived status as a "sovereign citizen," which constitutes the kind of

class-based, invidiously discriminatory animus required by Griffin v. Breckenridge, 403 U.S. 88,

102-03 (1971). 106. In furtherance of this conspiracy, Defendants fabricated reports, knowingly

presented perjured testimony, initiated a baseless dependency case, unlawfully seized Plaintiff's

children, and engaged in a campaign of malicious prosecution and harassment, all of which

caused injury to Plaintiff and his family.

**COUNT VIII** Neglect to Prevent Conspiracy (42 U.S.C. § 1986 – Against Defendant Bianco

and Other Supervisory Defendants) 107. Plaintiff realleges and incorporates by reference the

preceding paragraphs. 108. Defendant Sheriff Chad Bianco and other supervisory officials had

knowledge that the conspiracy described in Count VII was being committed, had the power to prevent it, but neglected or refused to do so with deliberate indifference. A valid § 1986 claim is contingent upon a valid § 1985 claim. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). **COUNT IX** Violation of the Americans with Disabilities Act, Title II (42 U.S.C. § 12132 – Against County of Riverside and Judicial Defendants Melissa Hale, Hill, McCarville, Jackson, Polk, and Hernandez) 109. Plaintiff realleges and incorporates by reference the preceding paragraphs. 110. Plaintiff is a qualified individual with a disability under the ADA. 111. Defendant County of Riverside, as a public entity, and its agents, the Defendant Judges, are subject to Title II of the ADA. See Tennessee v. Lane, 541 U.S. 509 (2004). 112. Defendants, with deliberate indifference, repeatedly refused to provide reasonable accommodations for Plaintiff's disability, thereby denying him meaningful access to the courts and discriminating against him. To recover monetary damages, a plaintiff must show that the defendant's failure to accommodate was the result of "deliberate indifference."Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Conspiracy and Fraud upon the court, 42 U.S.C. 1983 and 1985. Violations of the fifth and fourteenth amendments: Deprivation of due process and malicious prosecution. Defendants' repeated denials, misrepresentations, and retaliation in the face of formal requests meet this standard. Unlawful detainments and arrests, resulting in my children being kidnapped and trafficked, property stolen, coercing compliance, and laundering trauma into profit. **HUMAN TRAFFICKING; (18 U.S.C 1591).**

**Count X 18 U.S.C 1962 (RICO)** Riverside County has demonstrated a pattern of profit through enterprise Fraud.

**Count XI 18 U.SC 1591** Riverside County Sheriff Department(s); Menifee Police Department, Moreno Valley Police Department, Perris Police Department, Hemet Police Department, Riverside County Sheriffs and as well as other government actors involved in matter have participated and committed Human Trafficking under the law.

**VII. RELIEF** WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

A. A declaratory judgment that the acts, policies, and practices of Defendants as described herein violated Plaintiff's rights under the U.S. Constitution and federal law. B. A declaratory judgment that the state court criminal proceedings in Case Nos. FERI2500238, MIRI2505420, and Civil Proceeding CVSW250037 (Sgt. Bloch RO *Fruad*) , and the dependency proceeding in Case No. DPSW2400428 Initiated by Arresting Public Servant aka Officer #4523 Robert Miller, are unconstitutional and void ab initio. C. Compensatory damages in an amount to be determined at trial for Plaintiff's physical injuries, emotional distress, psychological harm, property damage, Animal Cruelty, and other losses. D. Punitive damages against each individual Defendant in an amount sufficient to punish them for their malicious, willful, and reckless conduct and to deter similar conduct in the future. E. Injunctive relief ordering the County of Riverside to implement comprehensive training and policy reforms concerning use of force, searches and seizures, ADA compliance, and the handling of complaints against officers and prosecutors. F. An order directing the immediate return of all property unlawfully seized from Plaintiff and his wife, including firearms, identification, and a camera. G. Plaintiff Fears for he and his family safety and ultimately Life, therefore an order enjoining the Defendants from continuing the malicious prosecution and harassment of Plaintiff and his family. H. An order dismissing with prejudice the state criminal actions against Plaintiff. I. Reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988. J. Such other and further relief as the Court deems just and proper. K. Reference and Honor Plaintiffs Legal Notice of Demand on file with the Secretary of State in Colorado. **L. *See Rule 60 B(4)**

**DEMAND FOR JURY TRIAL** Plaintiff demands a trial by jury on all issues so triable.

Dated: 9/22/25

Respectfully Submitted,

*UCC 1-308 All Rights Reserved.*

Reginald D. Young, Pro Se

UCC 1-308 All Rights Reserved.